PEOPLE v BURESH

1. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—STATUTES.
   Deliberate and premeditated murder and felony murder are included in the first-degree murder statute (MCLA 750.316).

2. HOMICIDE—FELONY MURDER—STATUTES.
   Felony murder is murder committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping (MCLA 750.316).

3. HOMICIDE—FIRST-DEGREE MURDER—FELONY MURDER—INSTRUCTIONS TO JURY—APPEAL AND ERROR.
   A court's instruction on felony murder in a first-degree murder trial constituted reversible error even though there was evidence from which the jury could have found felony murder where the information in the case did not charge felony murder, there was no preliminary examination on felony murder, defense counsel objected to the instruction, and it was evident that the jury considered felony murder in its deliberations.

4. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION.
   The law does not assume or furnish the element of premeditation in a prosecution for first-degree murder.

Appeal from Macomb, Alton H. Noe, J. Submitted June 17, 1975, at Detroit. (Docket No. 20135.) Decided August 26, 1975. Leave to appeal denied, 395 Mich —.

Lawrence T. Buresh, also known as Robert G. Kirby, was convicted of manslaughter. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 40 Am Jur 2d, Homicide §§ 44–48, 52.
[2] 40 Am Jur 2d, Homicide § 72.
[3] 40 Am Jur 2d, Homicide §§ 560–562.

*Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*McCallum & Ziolkowski,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. On April 3rd or 4th, 1973, Gerald Dusette was stabbed to death in his own home in Mt. Clemens, Michigan by defendant Lawrence T. Buresh. The gruesome facts need not be detailed. The people charged first-degree murder; the defendant claimed self-defense in repelling a sexual assault. Defendant was convicted of manslaughter, MCLA 750.321; MSA 28.553, by a Macomb County jury on March 21, 1974.

We reverse and remand for a new trial.

We are favored with an exhaustive factual brief by the people. There is evidence from which the trier of fact could have found the elements of premeditated murder. There is also evidence from which the trier of fact could have found felony murder. The first-degree murder statute includes the common law offense of murder and felony murder:

"All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery, burglary, larceny of any kind, extortion or kidnapping, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life." MCLA 750.316; MSA 28.548.

The difficulty here is that the defendant was not charged with felony murder. The prosecutor erroneously conceded defendant could not be charged with felony murder.[1] The information did not charge felony murder. No preliminary examination was had on felony murder. Therefore no instruction could be supported on felony murder. The people's brief on appeal states that "there was not sufficient evidence available to proceed on the felony-murder theory in this cause for the reason that quite obviously, defendant Buresh did not perpetrate or attempt to perpetrate any arson or rape * * * [and] * * * the victim was not put in fear for the purpose of depriving him of his personal property such as would be necessary in the typical robbery armed or robbery unarmed situation [, and a]s to the matter of the burglary, the evidence clearly shows that there was no forceful entry here * * * ". No mention was made in the brief of the larceny attested to by the people's chief witness. The witness testified about a conversation he had with the defendant:

"*Q.* Did he describe the appliances that were taken?
"*A.* He said that there was a stereo and that there was a component set and a television. He said something about a tin can full of money, change, and a ring and a lighter."

The court charged:

"Now, all murder, the statute says: All murder which shall be perpetrated by means of poison or lying inwait *[sic]* or any other kinds of wilful and deliberate premed-

---

[1] The people apparently overlooked the amendment of MCLA 750.316; MSA 28.548 by 1969 PA 331 effective March 20, 1970, which added to felony murder "larceny of any kind, extortion or kidnapping". The proofs viewed most favorably to the people show murder in the perpetration or attempt to perpetrate larceny.

itated killing or which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary shall be murder of the first degree and shall be punished and so on.

"As to second-degree murder, all other kinds of murder shall be murder of the second degree and shall be punished in the same. Now, there are certain elements that I described to you here or mentioned to you; pre meditation *[sic]*, malice aforethought, and so on, which may be new terms to you, and intent to kill, and intent —emphasis on intent to kill is not always an essential element in that murder as the offense may be and often is committed without any specific intention to kill. Regardless of a person's intentions, if he commits a murder in the perpetration or attempt to perpetrate any of the offenses enumerated in the statute, he is guilty of murder in the first degree: that is robbery, rape, or burglary; such cases the crime is held *[sic]* to be murder because resulting from the same species of depravity or maliciousness which characterizes the offense when committed."

Defense counsel objected.

"*The Court:* Any other requested charges?

"*Mr. Ziolkowski:* Yes, your Honor. Your Honor, by the defendant's own testimony, he raised the question of self-defense. I would request the court to instruct from Gillespie's form number 406–408 and 410, self-defense, and I also like to register an objection to the charge—I believe the court initially in charging the jury referred to the statute and referred to a provision of felony murder wherein the statute provides that in the occurrence of certain felonies the malice is implied where the people would not have to prove the malice to convict the first-degree murder, and I think that may well have misled the jury in this particular case due to the fact that there is some testimony regarding a robbery.

"I would ask the court to set straight in the minds of jurors that this is not a felony murder trial—that this is a premeditated statutory—or a common law murder

trial where the people must prove by independent testimony the premeditation and deliberation and that the malice and premeditation and deliberation is not implied throught *[sic]* the completion of a felony.

"*The Court:* On the contrary."

That the jury considered felony murder is evident from an inquiry to the court by the foreman.

"*The Foreman:* You gave a definition of a crime—a killing involved a commitment of another crime. Would you give us that definition.

"*The Court:* That statute can you find that? The statute that's referred to as follows: All murder which shall be perpetrated by means of poison or lying in wait or any kind of willful, deliberated or premeditated killing or which shall be committed in the perpetration or attempt to perpetrate any arsen *[sic]*, rape, robbery or burglary shall be murder in the first-degree. In other words, if a person commits that crime, the crimes that are listed here, it is assumed that the attention—the malice and the premeditation which we can't examine into a person's mind very well, but this is furnished by the specific intent to commit the particular offense which is listed."

In a prosecution for first-degree murder the law does not "assume" or "furnish" the element of premeditation. *People v Morrin,* 31 Mich App 301; 187 NW2d 434 (1971), *People v Hoffmeister,* 394 Mich 155; 229 NW2d 305 (1975).

Reversed and remanded for new trial.