PEOPLE v NEWSOME

Docket No. 77-2484. Submitted March 20, 1978, at Detroit.—Decided
    July 18, 1978. Leave to appeal applied for.

Duval Newsome was convicted of first-degree felony murder and
    armed robbery and sentenced on each count in Recorder's
    Court of Detroit, Joseph A. Gillis, J. As part of its instructions
    to the jury the court gave an instruction on premeditated
    murder. Defendant argues on appeal that to instruct on pre-
    meditated murder where he had not been charged with that
    offense denied him his constitutional right to be informed of
    the nature of the charges against him. *Held:*

    1. It was error to instruct on premeditated murder where a
    defendant was charged with only felony murder; the error,
    however, was harmless where no objection was raised, the jury
    specifically found the defendant guilty of the crime charged,
    which was felony murder, and there was no miscarriage of
    justice.

    2. A sentence for both felony murder and the underlying
    lesser included felony is improper.

    Conviction affirmed, sentence for armed robbery vacated.

    D. C. Riley, P. J., dissents on the ground that the erroneous
    instruction on premeditated murder is not harmless beyond a
    reasonable doubt where the jury foreman's statement to the
    court regarding guilt was so ambiguous that it cannot be said
    with certainty that the jury did not convict the defendant of a
    crime different than that charged in the information.

OPINION OF THE COURT

1. HOMICIDE—INSTRUCTIONS TO JURY—PREMEDITATED MURDER—FEL-
    ONY MURDER—FAILURE TO OBJECT—HARMLESS ERROR—STAT-
    UTES.

    It is error to instruct a jury on premeditated murder where a
    defendant is charged with only felony murder; however, the
    error does not require reversal where no objection was raised,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 40 Am Jur 2d, Homicide § 528.
[2] 40 Am Jur 2d, Homicide § 549 *et seq.*

the jury specifically found the defendant guilty of the felony murder charged, and the instruction did not result in a miscarriage of justice (MCL 769.26; MSA 28.1096).

2. HOMICIDE—FELONY MURDER—UNDERLYING FELONY—SENTENCE.

A defendant may not be sentenced for both felony murder and the underlying lesser included felony.

DISSENT BY D. C. RILEY, P. J.

3. HOMICIDE—INSTRUCTIONS TO JURY—PREMEDITATED MURDER—FELONY MURDER—HARMLESS ERROR.

*A court's erroneous instruction on premeditated murder where defendant was charged with only felony murder is not harmless error beyond a reasonable doubt where it cannot be said with certainty that it did not result in the jury convicting the defendant of a crime different from that charged in the information.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Richard A. Neaton,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: D. C. RILEY, P. J., and T. M. BURNS and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury in Detroit Recorder's Court of the offenses of first-degree felony murder, MCL 750.316; MSA 28.548, and armed robbery, MCL 750.529; MSA 28.797. He was subsequently sentenced to concurrent life terms and now appeals by right.

Defendant was originally charged in the present case with Leonard and Henrietta Armstrong. Both of the Armstrongs pled guilty to second-degree murder, MCL 750.317; MSA 28.549, before defendant's trial. Henrietta testified for the prosecution.

A statement made by the defendant to police after his arrest was admitted at trial.

The evidence showed that the defendants were in need of money. An agreement was reached to rob Johnnie Williams, the deceased, a resident in the same apartment building as Henrietta Armstrong. Henrietta was acquainted with the deceased and, through her efforts, Leonard and the defendant were admitted to his apartment. The robbery was completed by tying up the deceased and gagging him. Williams was stabbed with a knife and bled to death.

Defendant admitted in his statement that he participated in the robbery and shared in the proceeds. He claimed, however, that he did not participate in the killing and that it was done only to prevent the deceased from identifying Henrietta Armstrong. Henrietta testified at trial that defendant had told her after the robbery that he had done the killing.

The trial court gave CJI 16:2:03 without objection. This instruction is appropriate where the defendant is charged with either felony murder or premeditated murder. Here defendant was charged with only felony murder. The appropriate instruction would have been CJI 16:2:02. Defendant claims that to instruct on premeditated murder where defendant had not been charged with that offense denied him his right to be informed of the nature of the charges against him.[1] The people concede that it was error to instruct on premeditated murder, *People v Buresh,* 63 Mich App 629; 234 NW2d 736 (1975), *lv den,* 395 Mich 830 (1976), but argue the error does not require reversal.

We agree that the instruction did not result in a

---

[1] US Const, Am VI; Const 1963, art 1, § 20.

miscarriage of justice. MCL 769.26; MSA 28.1096. First, defense counsel raised no objection below when the matter could have quickly been corrected. Second, when asked for their verdict, the jury responded guilty as charged. The information had been read to the jury and charged defendant with felony murder. Third, the jury returned a verdict of guilty on the underlying felony, armed robbery. Even if the jury accepted defendant's statement that the murder was committed to prevent the crime from being detected, it would still be felony murder. *People v Oliver,* 63 Mich App 509, 523; 234 NW2d 679 (1975), *lv den,* 397 Mich 885 (1976). Our review leaves no doubt that the jury found defendant guilty of felony murder.

Defendant claims it was improper to sentence him for both the felony murder and the underlying armed robbery. We agree. We therefore vacate the conviction and sentence for armed robbery. *People v Anderson,* 62 Mich App 475; 233 NW2d 620 (1975), *People v Robert G Thompson,* 81 Mich App 348; 265 NW2d 632 (1978). While it is not improper to charge the defendant with both crimes, once the verdict is returned and it appears that the jury found the armed robbery to be a lesser included offense of the murder, no judgment should be entered on that count. It is the imposition of a dual punishment which causes constitutional error.

Defendant also claims that various portions of the prosecutor's argument were prejudicial. We have examined the entire argument by both counsel in light of the claims made on appeal and conclude that no reversible error occurred.

The conviction and sentence for first-degree murder are affirmed. The conviction and sentence for armed robbery are vacated.

D. C. Riley, P. J. *(dissenting).* I respectfully dissent.

When the jury returned to deliver its verdict, the following discussion took place:

"CLERK: 'How do you find the defendant as to Count I?'

"FOREMAN: 'As to Count I, we find the defendant guilty as charged.'

"THE COURT: 'Of [w]hat?'

"FOREMAN: 'First-degree murder.' "

The majority focuses on the language "guilty as charged", and concludes that there is no doubt that the jury found defendant guilty of felony murder. I do not find the cited language so unambiguous as to render the trial judge's clear instructional error harmless beyond a reasonable doubt.

There are three possible meanings of the foreman's phrase "guilty as charged". He could have meant (1) guilty of felony murder, as charged in the information (the majority's conclusion); (2) guilty as per the trial court's charge to the jury (either felony murder or premeditated murder); or (3) guilty of first-degree murder as opposed to guilty of the lesser included offense of second-degree murder (again either felony or premeditated murder). The confusion was not cleared up by the court's further inquiry, since the foreman merely stated that they had found defendant guilty of first-degree murder.

Given these three possibilities, I cannot say with any degree of certainty that the court's erroneous instruction on premeditated murder did not result in defendant being convicted of a crime different from that charged in the information. It is no more reasonable to conclude that the jury foreman

used the term "charged" in a strict legal sense, to refer to the information, than to conclude that the term was a reference to the court's instructions.

The fact that the jury also convicted defendant of armed robbery does not, in itself, prove that the murder conviction was for felony-murder. There was evidence presented at the trial that the killing took place after the completion of the robbery, which could support verdicts of both armed robbery and premeditated murder. See *People v Oliver,* 63 Mich App 509, 524–525; 234 NW2d 679 (1975).

I would reverse and remand.