PEOPLE v JERRY ROBINSON

Docket No. 50766. Submitted June 26, 1980, at Detroit.—Decided
    September 2, 1980. Leave to appeal applied for.

    Defendant, Jerry Robinson, was convicted of first-degree premedi-
    tated murder in Recorder's Court of Detroit, Elvin L. Daven-
    port, J. The conviction was affirmed by the Court of Appeals on
    the prosecutor's motion. Leave to appeal was denied by the
    Supreme Court, 399 Mich 818 (1977). A delayed motion for a
    new trial was denied by Recorder's Court of Detroit, George W.
    Crockett, III, J. Application for delayed appeal was denied by
    the Court of Appeals, but the Supreme Court remanded the
    case to the Court of Appeals for consideration as on leave
    granted, 408 Mich 874 (1980). Defendant's conviction arose out
    of the robbery and killing of William Ellis Lewis. Two others
    were charged and convicted of felony murder in the incident.
    Defendant did not arrive at the scene of the crime until after
    the robbery occurred and there was some question as to his
    involvement in the killing of Lewis and the disposal of the
    body. During the jury instructions, the trial judge gave a
    premeditated murder instruction referenced solely to defen-
    dant, a felony-murder instruction referenced solely to the two
    others, and an aiding and abetting instruction not referenced to
    any one or more of them. On appeal, defendant contends: (1)
    that he was denied due process of law by the trial court's
    instructing the jury, over objection, that he could be found
    guilty as an aider and abettor to felony murder when he had
    not been charged with felony murder; (2) that his conviction
    was obtained in violation of due process of law by the trial
    court's allowing the jury to return a verdict of felony murder
    when there was no evidence of defendant's involvement in the

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 647.
[2] 75 Am Jur 2d, Trial §§ 17, 21.
    Antagonistic defenses as ground for separate trials of codefendants
        in criminal case. 82 ALR3d 245.
[3] 21 Am Jur 2d, Criminal Law § 315.
    Incompentency of counsel chosen by accused as affecting validity of
        conviction. 74 ALR2d 1390.

felony; and (3) that he was denied effective assistance of counsel by his attorney's failure to object to the consolidation of his case with that of the two others. *Held:*

1. The jury was carefully instructed that the only crime with which defendant was charged, and as to which he could be found guilty, was first-degree premeditated murder. The jury's verdict evidenced no confusion as to the crime for which defendant was convicted and there was ample evidence to support the conviction.

2. The absolute lack of evidence to connect defendant with the beating and robbery separated him from the felony murder, and the jury's verdict clearly indicated that defendant was convicted of first-degree premeditated murder, not felony murder.

3. The trial was not a consolidation; the information was issued against all three, and jointly indicted defendants do not have a right to separate trials in Michigan. The decision to sever the trials is left to the discretion of the court. The defenses of the three were not antagonistic to each other and there is no reason to believe that evidence as to the beating and robbery had any effect on defendant's conviction.

Affirmed.

1. CRIMINAL LAW — TRIAL — JURY INSTRUCTIONS — ERROR.

Error occurs when a jury instruction is given which will permit the conviction of a defendant on proof of some criminal act other than that charged.

2. CRIMINAL LAW — INDICTMENT AND INFORMATION — CODEFENDANTS — SEPARATE TRIALS — STATUTES.

Jointly indicted defendants do not have a right to separate trials in Michigan; the decision to sever the trials is left to the discretion of the court, but, where the defenses of the defendants are antagonistic to each other, severance should be granted (MCL 768.5; MSA 28.1028).

3. CRIMINAL LAW — TRIAL — INEFFECTIVE ASSISTANCE OF COUNSEL — APPEAL.

A defendant's claim of ineffective assistance of counsel, based upon his attorney's failure to ask for a trial separate from others jointly indicted, must be supported by a showing that, but for the alleged error, defendant would have had a reasonably likely chance of acquittal; where the evidence against a defendant is abundant, and where such evidence would likely have been admissible in both trials if severance had been

granted, the Court of Appeals refused to find ineffective assistance of counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

PER CURIAM. Defendant was convicted of first-degree premeditated murder, MCL 750.316; MSA 28.548, and sentenced to the statutorily required term of life imprisonment. Wesley Paul Moore and Mary Agnes Butler were convicted of first-degree felony murder. Defendant appealed as of right to this Court, and his conviction was affirmed pursuant to the prosecutor's motion on September 22, 1976. Leave to appeal was denied by the Michigan Supreme Court on January 26, 1977, 399 Mich 818 (1977).

Subsequently, defendant's delayed motion for new trial was denied by a Recorder's Court judge on February 20, 1979. An application for delayed appeal was denied by this Court on July 30, 1979, but on March 27, 1980, the Michigan Supreme Court remanded the case to this Court for consideration as on leave granted, 408 Mich 874 (1980).

Defendant raises three issues on appeal. The first questions the propriety of a jury instruction on aiding and abetting.

At trial, testimony indicated that William Ellis

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Lewis's death was caused by multiple gunshot wounds to the head, a single gunshot wound to the leg, and multiple blunt instrument injuries to the head. On the night of the killing, Lewis, Butler and Moore were at Butler's home together with Larry Adams, two of defendant's children, and Rochelle Bell. Upon Butler's discovery that her pistol was missing, the weapon was found on Lewis's person. Lewis was beaten by Butler and Moore, who also shot Lewis in the leg. During the beating, Lewis's wallet was removed from his pocket. Defendant was then called to the home, and Adams heard two gunshots shortly before Moore told Adams that he had killed Lewis. Bell stated that she saw Moore and Robinson remove Lewis's body from the house and that defendant claimed he had taken the last shot at Lewis. Lewis's body was found in a vacant house located next door to the Butler home.

During the jury instructions, the trial judge gave a premeditated murder instruction referenced *solely* to defendant Robinson, a felony-murder instruction referenced *solely* to Butler and Moore, and an aiding and abetting instruction not referenced to any one or more of them. On appeal, defendant argues that the aiding and abetting instruction improperly suggested that defendant could be convicted of aiding and abetting the others in the felony murder of Lewis, thereby denying defendant due process of law. The first issue protests the instruction because defendant was not charged with aiding and abetting a felony murder. Defendant's second issue challenges the instruction on the basis that there was no evidence to support such a theory of guilt. We will discuss these issues together.

Clearly, error occurs when a jury instruction is

given which will permit the conviction of a defendant on proof of some criminal act other than that charged. *People v Buresh,* 63 Mich App 629, 631; 234 NW2d 736 (1975), *lv den* 395 Mich 830 (1976). However, the jury was carefully instructed in the case at bar that the only crime with which defendant was charged, and as to which he could be found guilty, was first-degree premeditated murder.

When the jury returned from its deliberations, the following dialogue occurred:

"*The Clerk:* How do you find the defendant Jerry Robinson, guilty or not guilty of murder, first-degree, premeditation *[sic]?*

"*The Jury Foreman:* Guilty."

The jury's verdict evidences no confusion at all as to the crime of which defendant was convicted. Further, there was ample evidence to support defendant's conviction of first-degree premeditated murder. Thus, we find it doubtful that the aiding and abetting instruction operated to confuse the jury. See *People v Newsome,* 84 Mich App 758, 760-761; 270 NW2d 685 (1978), *lv den* 404 Mich 801 (1978). Any error which occurred was therefore harmless.

Defendant also cites *Watson v Jago,* 558 F2d 330 (CA 6, 1977), for the proposition that the notice requirement in US Const, Am VI, mandates that a defendant have notice of all crimes against which he is to defend at trial. Asserting that the jury instructions linked defendant with the others as an aider and abettor, defendant argues that such result violated his sixth amendment right to notice of the charges against him. As noted previously, however, the jury instructions were sufficiently clear so as to preclude jury confusion with regard

to the crime with which defendant was charged. The absolute lack of evidence to connect defendant with the beating and robbery further separated him from the felony murder. Finally, the jury's verdict clearly indicated that defendant was convicted of first-degree premeditated murder, not felony murder.

Defendant's final appellate challenge is that he was denied effective assistance of counsel, as evidenced by his trial attorney's failure to object to the consolidation of defendant's trial with that of Butler and Moore. Defendant alleges that clear prejudice arose when the jury was confronted with testimony as to the brutal beating and robbery of Lewis, which occurred before defendant even entered the house.

In response to defendant's argument, it must first be noted that the trial was not a consolidation; the information was issued against all three defendants. Second, jointly indicted defendants do not have a right to separate trials in Michigan; the decision to sever the trials is left to the discretion of the court, MCL 768.5; MSA 28.1028. Where the defenses of the defendants are antagonistic to each other, severance should be granted, however. *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6 (1976).

In the case at bar, defendant does not allege, and it does not appear, that the defenses of the three defendants were antagonistic to each other. Rather, Moore argued self-defense, Butler did not testify, and defendant contended that he left the house before the shooting occurred.

Defendant's assertion that evidence as to the robbery and beating would not have been admissible at a separate trial in which he was the sole defendant is also rejected. The acts of Butler and Moore were part of the res gestae of the crime,

and would thus have been admissible at a trial of defendant alone. *People v Castillo,* 82 Mich App 476, 479-480; 266 NW2d 460 (1978). Further, the trial judge carefully distinguished between first-degree premeditated murder and felony murder in his instructions to the jury. There is, thus, no reason to believe that evidence as to the beating and robbery had any effect on defendant's conviction.

Under *People v Krist,* 93 Mich App 425, 437; 287 NW2d 251 (1979), *lv den* 407 Mich 963 (1980), a defendant's claim of ineffective assistance of counsel must be supported by a showing that, but for the alleged error, "defendant would have had a reasonably likely chance of acquittal". Where the evidence against a defendant is "abundant", and where such evidence would likely have been admissible in both trials, if severance had been granted, this Court has refused to find ineffective assistance of counsel. Likewise in this case.

Affirmed.